UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZHI ZHONG GUAN,
on behalf of himself and					13 CV 08511 (PAE)
FLSA Collective Plaintiffs

                                                     **ANSWER**
                     PLAINTIFF,

   -against-

BEST WINGERS LLC and AMGAD EL HOSSIENI

                   DEFENDANTS.
-------------------------------------------------------------------X

      Defendants, Best Wingers LLC and Amgad El Hossieni, through their attorneys, Peluso & Touger, LLP, for their Answer and Affirmative Defenses to the Complaint, hereby state as follows:

      1. Denies each and every allegation contained in paragraph 1.

      2. Denies each and every allegation contained in paragraph 2.

      3. Denies each and every allegation contained in paragraph 3.

      4. Denies each and every allegation contained in paragraph 4.

      5. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 5.

      6. Denies the allegations in paragraph 6 of the complaint except to admit its principal place of business is 711 2nd Avenue, New York, New York 10016.

      7. Defendants can neither admit nor deny the allegations in paragraph 7 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 7.

8. Defendants can neither admit nor deny the allegations contained in Paragraph 8 as it makes only conclusive statements of law with no factual allegations to respond to.

9. Denies each and every allegation contained in paragraph 9.

10. Denies each and every allegation contained in paragraph 10.

11. Defendants can neither admit nor deny the allegations contained in Paragraph 11 as it makes only conclusive statements of law with no factual allegations to respond to.

12. Defendants can neither admit nor deny the allegations in paragraph 12 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 12.

13. Defendants can neither admit nor deny the allegations in paragraph 13 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 13.

14. Denies each and every allegation contained in paragraph 14.

15. Admits that plaintiff ZHI ZHONG GUAN worked for Defendant Best Wingers, LLC on or about and April 2013.

16. Denies each and every allegation contained in paragraph 16.

17. Defendants can neither admit nor deny the allegations in paragraph 17 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 17.

18. Denies each and every allegation contained in paragraph 18.

19. Denies each and every allegation contained in paragraph 19.

20. Defendants can neither admit nor deny the allegations in paragraph 20 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 20.

21. Defendants can neither admit nor deny the allegations in paragraph 21 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 21.

22. Defendants can neither admit nor deny the allegations in paragraph 22 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 22.

23. Defendants can neither admit nor deny the allegations in paragraph 23 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 23.

24. Defendants can neither admit nor deny the allegations in paragraph 24 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 24.

25. Defendants can neither admit nor deny the allegations in paragraph 25 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 25.

26. Defendants can neither admit nor deny the allegations in paragraph 26 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, the Defendants deny all facts set forth in paragraph 26.

27. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 27.

28. Defendants repeat and re-allege each statement in Paragraphs 1-24 in response to paragraph 28 of the Complaint. Defendants also repeat and re-allege each statement in paragraphs 25-27.

29. Defendant can neither admit nor deny the allegations contained in Paragraph 29 as it makes only conclusive statements of law with no factual allegations to respond to.

30. Defendant can neither admit nor deny the allegations contained in Paragraph 30 as it makes only conclusive statements of law with no factual allegations to respond to.

31. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 31. Best Wingers, Inc. is not a party to this lawsuit.

32. Defendants can neither admit nor deny the allegations in paragraph 32 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, defendants deny all facts set forth in paragraph 32.

33. Defendants can neither admit nor deny the allegations in paragraph 33 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, defendants deny all facts set forth in paragraph 33.

34. Defendants can neither admit nor deny the allegations in paragraph 34 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, defendants deny all facts set forth in paragraph 34.

35. Denies each and every allegation contained in paragraph 35.

36. Denies each and every allegation contained in paragraph 36.

37. Defendants can neither admit nor deny the allegations in paragraph 37 of the Complaint as it contains compound statements and makes statements of both law and fact. Nevertheless, defendants deny all facts set forth in paragraph 37.

38. Denies each and every allegation contained in paragraph 38.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants repeat and re-allege each statement in Paragraphs 1-43 in response to paragraph 42 of the Complaint.

43. Defendant can neither admit nor deny the allegations contained in Paragraph 43 as it makes only conclusive statements of law with no factual allegations to respond to.

44. Denies each and every allegation contained in paragraph 44.

45. Denies each and every allegation contained in paragraph 45.

46. Denies each and every allegation contained in paragraph 46.

47. Denies each and every allegation contained in paragraph 47.

48. Denies each and every allegation contained in paragraph 48.

49. Denies each and every allegation contained in paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

### FIRST AFFIRMATIVE DEFENSE

51. The Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

54. Upon information and belief, Defendant Best Wingers, LLC was not an "employer" within the meaning of Section 203 of the FLSA at all times relevant. For those periods during which it fell without the scope or purview of the Act, Defendant Best Wingers, LLC could not have any liability to the Plaintiff or to the so-called FLSA Collective Plaintiffs for the violations alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

55. Upon information and belief, Defendant AMGAD EL HOSSIENI never employed the Plaintiff or the so-called FLSA Collective Plaintiffs in any capacity. Therefore, the Defendant Amgad El Hosseini could not have any liability to the Plaintiff or to the so-called FLSA Collective Plaintiffs for the violations alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

56. Defendants are not subject to the FLSA because Best Wingers, LLC makes less than $500,000 a year in gross sales.

## SEVENTH AFFIRMATIVE DEFENSE

57. If Defendants singly or jointly are found to be subject to the FLSA, they are shielded from liability under the FLSA's good faith exceptions.

## EIGHTH AFFIRMATIVE DEFENSE

58. Plaintiff has failed to comply with a condition precedent to the institution of this action in that Plaintiff has not exhausted all administrative remedies available to him.

## NINTH AFFIRMATIVE DEFENSE

59. Plaintiff has failed to exercise reasonable diligence to mitigate his damages, if any damages were in fact suffered.

### TENTH AFFIRMATIVE DEFENSE

60. Defendants are entitled to attorneys' fees under the law if it is the prevailing party in this action. It is the modus operandi of the Plaintiff's law firm to institute baseless actions under the FLSA to extort a quick monetary settlement and thus, Plaintiff's complaint is barred by unclean hands. In particular, the Plaintiff's law firm initiated 5 identical actions on the same date this action was commenced. See Docket Sheet attached hereto. Plaintiff's action is baseless and is not taken in good faith. Therefore, Plaintiff must pay Defendants' attorneys fees.

**WHEREFORE**, the answering defendant-Best Wingers LLC and Amgad El Hossieni demands judgment against plaintiff dismissing the Complaint in its entirety; awarding to the answering defendant its reasonable attorneys' fees, costs, and disbursements for defending this action; and granting the defendant such other, further, and different relief this Court deems just and proper.

Dated: New York, New York
       February 12, 2014

By: Robert R. Moore, Jr. (RM 7949)
Peluso & Touger, LLP
*Attorneys for Defendants*
*Best Wingers LLC and Amgad El Hossieni*
70 Lafayette Street, 2d Floor
New York, New York 10013
(212) 608-1234
(212) 513-1989 fax
rmoore@pelusoandtouger.com

# Select A Case

### This person is a party in 51 cases.

| | | |
|---|---|---|
| 1:07-cv-04628-TPG | Bank of Communications v. Ocean Development America, Inc. et al | filed 06/01/07 |
| 1:09-cv-09398-AJP | Lou v. Trutex, Inc. | filed 11/12/09  closed 09/05/12 |
| 1:10-cv-00411-MHD | Lin v. Hudson Valley Garden, Inc. et al | filed 01/19/10  closed 03/10/11 |
| 1:10-cv-05694-RMB | Beauty Beauty USA, Inc. v. Luo | filed 07/28/10  closed 06/13/11 |
| 1:11-cv-01347-RJS | Pacific Delight Travel, LLC v. Wendy Wu Tours, Inc. et al | filed 02/28/11  closed 11/15/11 |
| 1:11-cv-03539-RMB | 211 Route 4 East Corp. et al v. Lin et al | filed 05/24/11  closed 06/03/11 |
| 1:11-cv-05349-LAK | Beauty Beauty USA, Inc. v. Luo | filed 08/01/11  closed 06/06/12 |
| 1:11-cv-08820-CM | Sun v. Lin et al | filed 12/05/11  closed 04/05/12 |
| 1:12-cv-00058-JPO | Eternal Asia Supply Chain Management (USA) Corp. v. EQD Corporation | filed 01/05/12  closed 12/12/12 |
| 1:12-cv-03586-PAC | Zheng et al v. MJK Restaurant, Inc. et al | filed 05/07/12  closed 07/19/13 |
| 1:12-cv-04498-NRB | Inclan et al v. New York Hospitality Group, Inc. et al | filed 06/08/12 |

| | | | |
|---|---|---|---|
| 1:12-cv-04499-DLC | Liu et al v. Han Ye Corporation et al | filed 06/08/12 | closed 04/17/13 |
| 1:12-cv-05927-RJS | Lin v. Sunny on 3rd, Inc. et al | filed 08/02/12 | closed 01/04/13 |
| 1:12-cv-06402-MHD | Huang v. Hong Hop Co. Inc. et al | filed 08/21/12 | |
| 1:12-cv-07793-JMF | Zhang v. Ging Restaurant, Inc. et al | filed 10/18/12 | closed 08/09/13 |
| 1:12-cv-08095-AJP | Flores et al v. KC 53 LLC et al | filed 11/07/12 | closed 09/16/13 |
| 1:12-cv-08096-FM | Kim v. 511 E. 5th Street, LLC et al | filed 11/07/12 | |
| 1:12-cv-08097-RLE | Camilo et al. v. Services Mangia, Inc. et al | filed 11/07/12 | |
| 1:12-cv-08098-MGC | Quintana v. Volatour, Inc. et al | filed 11/07/12 | closed 10/30/13 |
| 1:12-cv-08099-SN | Mosquea v. Oasis Outsourcing II, Inc. et al | filed 11/07/12 | |
| 1:12-cv-08323-HBP | Almorin et al v. 2898 Bagel & Bakery Corp. et al | filed 11/15/12 | closed 06/04/13 |
| 1:12-cv-08324-GWG | Romero v. La Revise Associates, L.L.C. et al | filed 11/15/12 | |
| 1:12-cv-08652-SN | Lee v. Grand Sichuan Eastern (NY) Inc. et al | filed 11/28/12 | |
| 1:12-cv-08653-SHS | Lee v. Shun Lee Palace Restaurant, Inc et al | filed 11/28/12 | closed 06/10/13 |
| 1:12-cv-09044-CM | Bravo v. Established Burger One L.L.C. et al | filed 12/12/12 | |

| Case Number | Caption | Filed | Closed |
|---|---|---|---|
| 1:12-cv-09108-GBD | Liu v. H.B. Restaurant Group, Inc. et al | filed 12/14/12 | |
| 1:13-cv-01448-LTS-JLC | Gottschalk et al v. Katouna Inc. et al | filed 03/04/13 | closed 11/01/13 |
| 1:13-cv-01449-ALC-DCF | Mosquea v. AMC Entertainment Inc. et al | filed 03/04/13 | closed 06/20/13 |
| 1:13-cv-01628-LGS-GWG | Santana v. Fishlegs LLC et al | filed 03/12/13 | |
| 1:13-cv-01927-GBD | Ortiz et al v. Jesa 31, Inc. et al | filed 03/22/13 | closed 11/26/13 |
| 1:13-cv-03629-PKC | Gonzalez v. Scalinatella, Inc. et al | filed 05/30/13 | |
| 1:13-cv-04490-HB | Lopez et al v. Pio Pio NYC, Inc. et al | filed 06/28/13 | |
| 1:13-cv-05940-AJN | Flores v. East Side Brickoven Pizza, Inc. et al | filed 08/22/13 | |
| 1:13-cv-06070-CM | Tzompantzi v. Ja Restaurant Management LLC et al | filed 08/28/13 | closed 12/03/13 |
| 1:13-cv-06231-PAC | Diaz v. AA Catering, Inc. et al | filed 09/05/13 | |
| 1:13-cv-06321-WHP | Lopez v. NY GIG, Inc. et al | filed 09/09/13 | |
| 1:13-cv-06323-RA | Yuwono v. Aquamarine 38, Inc. et al | filed 09/09/13 | closed 11/18/13 |
| 1:13-cv-07264-KBF | Sanchez v. JMP Ventures, L.L.C. et al | filed 10/15/13 | |

| | | |
|---|---|---|
| 1:13-cv-07531-TPG | Ye v. B.F.L. Inc. et al | filed 10/25/13 |
| 1:13-cv-07532-DLC | Martinez et al v. Established Burger One L.L.C. et al | filed 10/25/13 |
| 1:13-cv-07613-RJS | Gao v. Cai et al | filed 10/28/13    closed 01/30/14 |
| 1:13-cv-07615-AKH | Chen v. 31 St. Akura Inc et al | filed 10/28/13 |
| 1:13-cv-07616-LTS | Zambrano v. Chiusano et al | filed 10/28/13 |
| 1:13-cv-08507-WHP | Sun et al v. Li et al | filed 11/27/13 |
| 1:13-cv-08508-RWS | Tenelema v. Jong et al | filed 11/27/13 |
| 1:13-cv-08509-AJN | Zhang v. Xue et al | filed 11/27/13 |
| 1:13-cv-08510-RMB | Anguisaca v. Macciocco et al | filed 11/27/13 |
| 1:13-cv-08511-PAE | Guan v. Best Wingers LLC et al | filed 11/27/13 |
| 1:13-cv-08726-LAK-MHD | Mohamed v. Ess-A-Bagel Inc et al | filed 12/09/13 |
| 1:14-cv-00125-LGS | Diblasi et al v. Balarini Restaurant Corp. et al | filed 01/08/14 |
| 7:13-cv-00665-VB | Zacarias et al v. 6 Gramatan Ave.Rest.,Inc. et al | filed 01/29/13    closed 11/26/13 |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 02/12/2014 14:04:27 ||||
| PACER Login: | rm5688 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: seelig First Name: anne |
| Billable Pages: | 1 | Cost: | 0.10 |

# Select A Case

**Anne Seelig is an attorney in 21 cases.**

| | | | |
|---|---|---|---|
| 1:05-cv-01611-CPS-RLM | Danone Asia Pte. Ltd. et al v. Happy Dragon Wholesale, Inc. | filed 03/29/05 | closed 01/17/07 |
| 1:10-cv-01637-ENV-CLP | Gao et al v. Perfect Team Corporation et al | filed 04/13/10 | |
| 1:11-cv-04283-FB-LB | Seraphin v. Tomkats, Inc. et al | filed 09/06/11 | closed 11/04/13 |
| 1:11-cv-05073-RRM-JMA | Jing et al v. Angel Tips, Inc. et al | filed 10/18/11 | closed 03/11/13 |
| 1:11-cv-05570-WFK-CLP | Li v. Emone, Inc. et al | filed 11/15/11 | closed 08/17/12 |
| 1:12-cv-04462-BMC | Sierra v. Triple J. Associates of Queens, Inc. et al | filed 09/06/12 | closed 11/05/13 |
| 1:12-cv-06194-PKC-CLP | Aguilar et al v. Commercial Maintenance Corp. et al | filed 12/17/12 | |
| 1:13-cv-01210-MDG | Shiu v. Staten Island Mitoushi Sushi, Inc. et al | filed 03/08/13 | closed 09/28/13 |
| 1:13-cv-04833-MDG | Mendez v. Kim et al | filed 08/28/13 | |
| 1:13-cv-05040-KAM-JMA | Padilla v. John Doe Corp. et al | filed 09/10/13 | closed 10/21/13 |
| 1:13-cv-05919-BMC | Ma v. Tung et al | filed 10/28/13 | |
| 1:13-cv-05920-CBA-JMA | Lin v. Zhou et al | filed 10/28/13 | closed 01/22/14 |

| Case | Title | Dates |
|---|---|---|
| 2:12-cv-02228-SJF-ARL | Li v. Fortune on Jericho Inc. et al | filed 05/04/12 closed 12/19/12 |
| 2:12-cv-02583-LDW-AKT | Coronel v. Ayken Inc. et al | filed 05/22/12 |
| 2:12-cv-03540-LDW-ETB | Hong et al v. H.O. Lee Operating Corp. et al | filed 07/17/12 closed 10/15/12 |
| 2:12-cv-03541-SJF-AKT | Wen et al v. Zilly Corp. et al | filed 07/17/12 closed 09/17/12 |
| 2:12-cv-04461-ADS-AKT | Chang v. Kim's Ruby Nails Corp. et al | filed 09/06/12 closed 01/05/13 |
| 2:13-cv-01280-SJF-ARL | Arslan v. CZ Commerce, LLC et al | filed 03/12/13 closed 07/30/13 |
| 2:13-cv-04836-SJF-GRB | Villatoro v. Miller et al | filed 08/28/13 closed 10/22/13 |
| 2:13-cv-06634-SJF-GRB | Li v. Zheng et al | filed 11/27/13 |
| 2:13-cv-07411-LDW-AKT | Martinez et al v. Ayken, Inc. et al | filed 12/31/13 |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 02/12/2014 14:05:20 |||||
| PACER Login: | rm5688 | Client Code: | | |
| Description: | Search | Search Criteria: | Last Name: seelig First Name: anne ||
| Billable Pages: | 1 | Cost: | 0.10 ||